GUNTER v. ADDY.

1. MOTRGAGE—ALTERATION OF WRITTEN INSTRUMENT.—Insertion, with-
   out fraudulent intent, in mortgage, of words in note secured thereby,
   omitted in drawing, three years after execution and record, and two
   years after junior mortgage, is not prejudicial to junior mortgagee,
   where former is only allowed such interest as appears in record.
2. IBID.—IBID.—Insertion of number of acres in mortgage after execu-
   tion and record, and after junior mortgage, is not material altera-
   tion, because (1) not in conflict with description, (2) cannot prevail
   against description.
3. IBID.—SUBROGATION.—Junior mortgage, as incident of a loan paying
   and having satisfied senior mortgage, cannot afterwards be subro-
   gated to right of senior mortgagee.

Before ALDRICH, J., Lexington, December, 1899. Af-
firmed.

Foreclosure by U. X. Gunter against D. U. Addy, Dun-
dee Mortgage and Trust Investment Company *et al.* From

Circuit decree, defendant, Dundee Mortgage and Trust Investment Co., appeals.

*Mr. G. T. Graham,* for appellant, cites: *The plaintiff's mortgage does not locate the land with sufficient certainty to warrant a decree of foreclosure:* 40 N. E., 1057; 42 N. E., 1008; 55 P., 552; 79 F., 826; 33 S. E., 34; 34 N. W., 871. *The mortgage is utterly void for indefiniteness and uncertainty, and conveyed no title:* 34 S. E., 701; 51 S. W., 869; 24 Can. S. C. R., 367; 20 S. E., 829; 5 Tred. Eq., 373; 79 N. C., 490; 24 W. Va., 763; 112 Mass., 19; 8 N. H., 31; 31 S. W., 327; 27 So., 45; 27 S. W., 585; 27 S. W., 823; 19 S. E., 637; 18 S. E., 72; 22 S. W., 293; 11 So., 6; 40 N. W., 679; 3 S. W., 628; 14 So., 406; 4 S. W., 489; 3 How., 787. *He could not afterwards have it completed so as to convey an estate when the right of a third party would be affected thereby:* 55 P., 552; 29 Ill., 306; 83 Ill., 381; 5 Ark., 525; 33 Tex., 139; 50 Me., 378; 50 Cal., 613; 6 Allen, 305; 14 Ga., 173; s. c., 58 Am. Dec., 549; 34 Mich., 509; 64 Ind., 446; 42 Ind., 267; 57 Ind., 593; 3 Mon., 472. *And a Court of Equity will not exercise the power to correct or cancel a conveyance for a mistake of the parties thereto, when such correction or cancellation would affect the rights of third parties acquired without notice of the mistake:* 90 Mo., 26; 13 Ga., 88; 43 Mo., 179; 18 Col., 144; 2 Blatchf., 151; 2 Atk., 291; 9 Vt., 299; 18 Vt., 414; 16 Ohio, 59; 32 Me., 474; 12 Atk., 8; 23 Miss., 124; 23 Am. Dec., 79; 42 Ark., 362; 33 Me., 222; 2 N. J. Eq., 117; 1 Swan., 396; 45 N. Y., 528; 76 N. C., 311; 12 Ga., 281; 40 Ga., 335; 23 N. Y., 252; 18 Ill., 375; 42 Ill., 111; 66 Ga., 638; 100 Mass., 190; 61 Me., 514; 85 Ill., 179; 53 Vt., 487; 8 W. Va., 406; 90 Ind., 527; 67 La., 247. *But in this case no attempt was made to show that there had been any mistake made in the description of the premises at the execution of plaintiff's mortgage or any time since; and a Court of Equity could grant no relief as against one who purchased the property in good faith and for a valuable consideration:* 69 Ill., 329; 1

McCurry, 213; 64 Ind., 375; 7 Brad., 62; 51 Tex., 115; 51 Tex., 336; 127 Mass., 516. *The record of the mortgage now under consideration would not afford notice to any one of the premises upon which a lien was sought to be created:* 20 S. E., 829; 5 Ted. Eq., 373; 79 N. C., 490; 5 Jones Eq., 155; 24 W. Va., 763; 112 Mass., 19; 8 N. H., 31; 34 S. E., 701; 40 N. E., 1057; 55 P., 552; 79 F., 826; 42 N. E., 1008; 34 N. W., 871; 4 S. W., 489; 9 Mich., 213; 24 Ill., 583; 53 Miss., 339; 54 Iowa, 14; 3 Biss., 199; 19 Iowa, 557; 44 Ct., 124; 10 N. Y., 509; 27 La., 282; 40 Ind., 385; 64 Ind., 446; 42 Ind., 267; 57 Ind., 593; 3 Mon., 472; 9 Ves., 435; L. R. C., 1, 310; 23 Penn., 440; 5 Wis., 443; 8 Ga., 258. *The addition of the foregoing words as to interest is a material alteration, and no action can be brought on the instrument of writing:* 1 Nott & McC., 102; 10 S. E., 946; 34 S. W., 567; 1 Pa. Sup. Ct., 9; 37 W. N. C., 251; 54 P., 12; 14 S. C., 55; 19 S. C., 257; 17 S. C., 464. *Such an alteration renders the mortgage utterly void as against the mortgage of The Dundee Company:* 21 S. E., 328; 10 S. E., 946; 30 A., 871; 25 A., 739; 153 Pa. St., 350; 19 S. C., 263; 17 S. C., 264. *Burden was on plaintiff to explain alteration:* 38 N. Y. S., 280; 34 A., 303; 174 Pa. St., 66; 38 W. N. C., 41; 73 F., 925; 33 S. W., 567; 19 So., 843; 33 A., 446; 34 S. W., 684; 18 So., 13. *The insertion of the rate of interest is a material alteration, and renders the instrument void:* 1 N. & McC., 102; 19 S. C., 263; 10 S. E., 946; 17 S. C., 464; 14 So., 411; 62 N. W., 1078; 61 N. W., 804; 61 N. W., 473; 30 A., 871; 34 S. W., 567; 1 Pa. Sup. Ct., 9; 45 P., 12; 21 S. E., 328. *Plaintiff is not, therefore, an innocent purchaser for valuable consideration:* 47 S. W., 243; 79 F., 826; 45 N. E., 645; 34 A., 477; 5 S. C., 90. *The fact of an alteration in a material part of an instrument is sufficient to destroy the identity of the instrument, even when made with an honest intent and under a mistaken idea of right:* 9 Neb., 1; 31 Am. Rep., 395; 56 N. Y., 22; 1 Allen, 477; 79 Am. Dec., 752; 60 Mo., 449; 62 Mo., 79; 69 Mo., 429; 17 Am. Rep., 92; 19 S. C., 257; 10 S.

E., 946. *The Nichols mortgage was undoubtedly the first lien on the premises, and having been paid by The Dundee Company, under the facts and circumstances of the case, it should be subrogated to the rights of the Nichols mortgage, to the extent necessary for its own protection:* 116 Ill., 217; 44 N. H., 215; 8 A., 555; 102 Ill., 29; 64 N. Y., 295; 21 Am. Rep., 609; 104 Pa. St., 510; 51 Vt., 320; 44 Vt., 640; 37 Cal., 223; 127 Ind., 70; 126 Ind., 133; 128 N. Y., 659; 120 U. S., 287; 4 Johns. Ch., 370; 41 Minn., 417; 7 Rich. Eq., 112; 20 S. C., 377; 18 S. C., 127. *And when mortgage has been cancelled, the cancellation and discharge may be annulled, and the party subrogated to the rights of the senior mortgagee:* 69 Me., 494; 7 N. H., 99; 1 N. H., 167; 82 N. Y., 155; 7 Neb., 449; 1 Neb., 301; 5 Pet., 481; 2 Johns. Ch., 503; 4 Johns. Ch., 370; 2 Cow., 118. *And it makes no difference whether the party who paid the money took an assignment of the mortgage or release, or whether a discharge was made and the evidence of the debt cancelled:* 3 Johns. Ch., 53; 8 Am. Dec., 465; 15 Mass., 278; 4 Pick., 505; 6 Pick., 498; 75 Va., 407. *The Dundee Company is entitled to the rate of interest carried by the Nichols mortgage, and all necessary expenses:* 5 Cranch., 383; 70 Ill., 581; 85 Ind., 92; 45 Vt., 525; 2 Flip. (U. S.), 603; 36 Me., 577. *The formal discharge of mortgage will not prevent the subrogation of one who advanced money:* 55 Tex., 33; 69 Tex., 437; 15 Wis., 612; 58 Miss., 68; 77 Ind., 241; 75 Va., 407. *There was no waiver of right of subrogation in this case:* 64 N. Y., 294; 21 Am. Rep., 609; 119 Ill., 656; 87 Ill., 602; 10 Pa. St., 273; 11 Pa. St., 257.

*Mr. J. A. Muller,* contra, cites: *As to subrogation:* 1 Speer Eq., 41; 4 Rich., 301.

July 11, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. So much of the Circuit Judge's decree as is necessary to understand the questions presented by the exceptions is as follows: "This action, instituted in

1897, and heard at the fall term, 1899, came before this Court on the pleadings, the testimony taken by a special referee, and the argument of counsel. The Dundee Mortgage and Trust Investment Company, Limited, answered the complaint, and has contested the claim of plaintiff. The other defendants have not answered—at least, no such answers were submitted to the Court. The defendant, D. U. Addy, on January 31, 1883, made and delivered to plaintiff his note, whereby he promised to pay to plaintiff the sum of $919.18, with interest from date at ten per cent. per annum, interest to be paid annually, and if not so paid, to become principal, and bear interest at ten per cent. The consideration of this note is a prior note, a small open account, and $5 or $10 paid in cash. To secure said debt, defendant, D. U. Addy, on the same day executed and delivered to plaintiff a mortgage upon 'a certain tract or parcel of land, known as Gable lands, on waters of Cut Log branch, county and State aforesaid, bounded on the north side by lands of Bell Crout, on the east by lands of Mrs. Betty Smith, on the south by lands of Wesley Risenger, on the west by lands of Alonzo Rose,' and the same was duly recorded on February 15th, 1883. D. U. Addy, on March 24th, 1884, to secure a loan of $2,200, then paid to him in cash by the Dundee Mortgage and Trust Investment Company, Limited, executed and delivered to said defendant company a mortgage of real estate, covering with other lands the premises mortgaged to plaintiff as above stated. This mortgage was duly recorded on March 28th, 1884. The condition of the note or bond given as aforesaid by the said D. U. Addy to plaintiff, as stated in the said mortgage, when executed, delivered and recorded, was for the payment of the full and just sum of $919.18. Afterwards, to wit: on February 16th, 1886, the following words were inserted, written, upon the face of said mortgage immediately after the words just cited, to wit: with interest from date at ten per cent. per annum, interest to be paid annually; and if not so paid, to become principal, and bear interest at ten

per cent. At the same time the following words were inserted, written, in said mortgage just after the description of the mortgaged premises, to wit: containing 165 acres, more or less. It is apparent from an inspection of said mortgage, that the words above stated are not in the same handwriting nor in the same ink as in the body of the mortgage. I may be mistaken as to the handwriting, the same person may have written both the original instrument and the words inserted. As the plaintiff submitted his said mortgage in evidence, and it appears to have been altered, it was incumbent upon plaintiff to explain this appearance. 1 Greenl. on Ev., sec. 569; *Vaughn* v. *Fowler,* 14 S. C., 358. Plaintiff has fully and satisfactorily explained the said alterations. The said words were inserted in said mortgage on February 16th, 1886, at the time when Mrs. Addy, the wife of defendant, Addy, signed her renunciation of dower on said mortgage, and were put there with the consent—indeed, at the instance—of D. U. Addy himself. The rule is well settled that any alteration of a note in a material part, after its execution, without the assent of the maker, renders it void. *Kennedy* v. *Moore,* 17 S. C., 466; *Stagg* v. *Cepoon,* 1 N. & McC., 102; *Miller* v. *Starr,* 2 Bail., 359; *Vaughan* v. *Fowler,* 14 S. C., 355. There was no fraud, or suggestion of fraud, on the part of any one in making the said alterations. It is reasonable to conclude that D. U. Addy only desired to make the mortgage conform to the wording of the note, which was and is correct; and to make the description of the mortgaged premises more certain. I do not think that the defendant, the Dundee Mortgage and Trust Investment Company, Limited, can complain of this ruling. When it lent money to D. U. Addy, it had full constructive notice of plaintiff's mortgage as recorded; with this knowledge, it lent money to D. U. Addy, and took a junior mortgage upon the premises. The insertion or alteration in plaintiff's mortgage, made as above stated, were made nearly two years after the Dundee Company had lent money to Addy, taken his bond and mortgage therefor and

recorded the latter. The plaintiff, however, must stand upon his mortgage as he accepted and recorded it, and can ask for foreclosure and sale and for the payment of the money as therein stated. Plaintiff is entitled to a judgment as against D. U. Addy upon his note for the amount therein stated; but he is entitled to be paid upon said indebtedness from the sale of the mortgaged premises, only so much as the said mortgage, without the insertions, purport to secure. The Dundee Company in the answer pleads that it is a *bona fide* purchaser for valuable consideration, without notice of plaintiff's mortgage, and is entitled to have its mortgage adjudged to be the first lien on the mortgaged premises. What has been said and will hereafter be said, must, I think, dispose of this claim, and adversely to the said Dundee Company. On January 15th, 1881, D. U. Addy and his wife, E. C. I. Addy, to pay a debt of $500, owing by them to Westly Nichols, executed and delivered to said Nichols a mortgage of the lands heretofore described as being covered by the mortgage of the plaintiff and of the Dundee Company. This mortgage was duly recorded on January 15th, 1881. This mortgage was upon record, unsatisfied, when both the plaintiff and Dundee Company took their mortgages, and both had constructive notice thereof. On April 2d, 1884, the Dundee Mortgage and Trust Investment Company, Limited, paid to Westly Nichols $350, the balance then due upon said mortgage, and thereupon the said Westly Nichols marked said mortgage satisfied, and said satisfaction was duly entered of record across the face of the record of the mortgage. The Dundee Company asks that if the plaintiff's mortgage is held to be a first lien upon the mortgaged premises, it be subrogated to all the rights that the said Westly Nichols had under his said mortgage, which was first lien on said tract of land at the time of the execution of plaintiff's mortgage. Upon this subject the special referee reports: 'With reference to the Westly Nichols mortgage, which bears date the 15th January, 1881, recorded in book D, p. 334, it is admitted that the defendant, the mort-

gage company, placed in the hands of G. T. Graham, Esq.,
a considerable sum of money, to wit: $2,200, to be paid to
Addy when the amount due on the Nichols mortgage and
the J. H. Lewie mortgage were satisfied, and that Graham
paid Nichols the balance due on his mortgage, to wit: $350,
out of the money paid into his hands by the mortgage com-
pany, and that after paying the Nichols mortgage and a
mortgage or two of J. H. Lewie, and attorneys' fees, to-
gether with other costs of loan, the balance was turned over
to Addy by Graham.' The assertion of their right of subro-
gation by the Dundee Company is denied. I can see no pos-
sible ground for it to rest upon. The Dundee Company was
no surety for Addy; it had no interest in the debt or land; it
was a stranger to Addy and to Nichols. The Dundee Com-
pany, as the lender of the money, lent no money to Addy
under the terms of the loan, and for its own protection, the
Dundee Company used a part of the money to pay the
Nichols mortgage. The contract or agreement was carried
out, and the Nichols mortgage was paid, and formally and
legally satisfied and discharged. The idea of an assign-
ment, either as the act of the parties or an equitable assign-
ment by way of subrogation, did not enter into the transac-
tion at all. There is nothing to base defendant's claim of
subrogation upon, and it is dismissed."

The conclusion which this Court has reached upon certain
questions raised by the exceptions renders speculative the
other questions therein presented. There are practically but
three questions to be considered—the first of which is
whether the insertion in the plaintiff's mortgage of
the words, "with interest from date at ten per cent.
per annum, interest to be paid annually; and if not
so paid, to become principal and bear interest at ten per
cent.," rendered it null and void. The circumstances under
which the alterations were made are set forth in the Circuit
Judge's decree, and clearly show that they were not made
with a fraudulent intent. They were made three years after
the execution and recording of plaintiff's mortgage, and two

years after the execution and recording of the appellant's mortgage. The plaintiff was only allowed to foreclose his mortgage for the amount due him *as disclosed by the record.* The defendant has in no way been prejudiced, and we do not see what right it has to complain.

The second question is whether there was error in deciding that the insertion of the words, "containing 165 acres, more or less," rendered the mortgage null and void. These words were not material, for the following reasons: 1st. Because they expressed correctly the number of acres contained in the tract, and were not in conflict with the other description of said land; and 2d. They could not, in any event, prevail against the words describing the land by boundaries, even if they had been in conflict.

The third question is whether the Circuit Judge erred in deciding that the appellant was not entitled to be subrogated to the rights of Westly Nichols. For the reasons stated by the Circuit Judge, this Court concurs with him that the appellant did not have such right.

Judgment affirmed.